# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **CLIFFORD JOEL ELLISON** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 1:08cv262-HSO-JMR** |
| **KEN BROADUS, JACKSON COUNTY ADULT DETENTION CENTER, ARAMARK, MILIKA RUSHING, PATRICE POOLE, MIKE BYRD, and JACKSON COUNTY** | **DEFENDANTS** |

## REPORT & RECOMMENDATIONS

This matter is before the Court pursuant to a Motion [33] to Dismiss filed by Defendants Aramark, Milika Rushing, and Patrice Poole on January 16, 2009. To date, Plaintiff has failed to file a Response in Opposition. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Defendants' Motion [33] to Dismiss should be granted. Accordingly, Aramark, Milika Rushing and Patrice Poole should be dismissed as Defendants in this action.

## FACTS:

On June 24, 2008, Plaintiff filed the instant § 1983 action alleging that he suffered violations of his constitutional rights while incarcerated as a pretrial detainee within the Jackson County Adult Detention Center ("JCADC"). The gravamen of Plaintiff's Complaint focuses on the conditions of his confinement within the JCADC and includes allegations that the facility is overcrowded, lacks proper sleeping arrangements, severely limits his yard call and exercise privileges, and denies him access to the law library. Plaintiff further alleges that Defendant Aramark contracts with the JCADC to provide a commissary where the inmates may purchase goods and personal items. Plaintiff

contends that Aramark overcharges for ordinary items such as stamps, food, and personal hygiene items. Additionally, Plaintiff alleges that Defendants Rushing and Poole are Aramark employees, and that they routinely deny he and other inmates the privilege of purchasing items from the commissary. Plaintiff contends that Defendants Aramark, Poole, and Rushing violated his right to Due Process because he was not provided with a hearing before having his commissary privileges suspended.

In their Motion to Dismiss, Defendants Aramark, Rushing, and Poole contend that Plaintiff's Complaint must be dismissed because it has failed to allege that the Defendants are state actors. Furthermore, Defendants argue that Plaintiff's allegations regarding the operation of the commissary at the JCADC fail to sufficiently allege the violation of a cognizable constitutional right. Accordingly, Defendants Aramark, Rushing, and Poole move to have the allegations against them dismissed with prejudice.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The issue is not whether the plaintiff will prevail but whether the plaintiff is entitled to pursue his complaint and offer evidence in support of his claims. *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401 (5th Cir.1996). Motions to dismiss are disfavored and are rarely granted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir.1999). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 164 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from

which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'"*Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420-421 (5th Cir. 2006)(quoting 3 CHARLES ALAN WRIGHT & ARTHUR R.MILLER, FEDERAL PRACTICE AND PROCEDURE: Civ. 2d § 1216 at 156-159 (footnote omitted)). The Court does not accept conclusory allegations or unwarranted deductions of fact as true. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

Ordinarily, the Court may not look beyond the pleadings in ruling on a 12(b)(6) motion. *Baker,* 75 F.3d at 196. However, in evaluating a motion which challenges the adequacy of a complaint under 12(b)(6) in a prisoner's *pro se* suit, this Court must look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). Furthermore, the Fifth Circuit has stated:

> [I]t is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.... *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief.

*Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989)(quoting *Taylor v. Gibson*, 529 F.2d 709, 713-714 (5th Cir. 1976)).

## **ANALYSIS:**

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680,693 (5th Cir. 1981).

A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Karmi-Panahi v. Los Angles Police Dept.*, 839 F. 2d 621 (9th Cir. 1988); *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law. *Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir.1994). The conduct of a private actor will be charged to the State only if one of the following tests is satisfied: (1) if the private entity "performs a function which is traditionally the exclusive province of the state," or (2) if the state "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [s]tate," or (3) where the government has "so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise." *Bass v. Parkwood Hosp.,* 180 F.3d 234, 242 (5th Cir.1999) (quotations and alterations omitted). "Under any formula, . . . the inquiry into whether private conduct is fairly attributable to the state must be determined based on the circumstances of each case." *Id.*

There is no indication that either Defendant Aramark, Rushing or Poole is a state actor for purposes of liability pursuant to section 1983. In his Complaint and Letter [11] Plaintiff alleges that Defendant Aramark is in a contractual relationship with the JCADC to operate a commissary for the inmates. Further, Plaintiff clearly states that neither Defendant Poole nor Rushing are employees of the JCADC. Additionally, Plaintiff indicates that Aramark and its employees do not operate pursuant to any guidelines issued by the JCADC or Ken Broadus, and that commissary privileges are not governed by the inmate handbook.

Based upon the preceding facts, the Court finds that Plaintiff has failed to allege that

Aramark and its employees are State actors. Furthermore, Plaintiff's allegations do not indicate: 1) that Aramark and its employees perform a function which is traditionally the exclusive province of the State, or 2) that the State exercises coercive power over or offers significant encouragement to Aramark in such a manner that any action by Aramark must be legally attributable to the State. Therefore, the Court must determine whether Plaintiff has alleged that Aramark and its employees were "willful participant[s] in joint activity with the State or its agents." *Cinel,* 15 F.3d at 1343.

In order to establish that Defendants Aramark, Poole and Rushing were participants in a "joint activity" with the State, Plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *See Priester v. Lowndes County,* 354 F.3d 414, 420 (5th Cir. 2004). Allegations that are merely conclusory, without reference to specific facts, will not suffice. *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir.1986).

After a thorough review of all pleadings and evidence submitted as a matter of record, the Court finds that Plaintiff has failed to allege that Defendants Aramark, Rushing and Poole formed an agreement with the JCADC to conduct any illegal act. The law is clear that Plaintiff must "allege specific facts to show an agreement." *Priester*, 354 F.3d at 421. Other than alleging that Aramark operates a commissary by way of a contractual relationship with the JCADC, Plaintiff has set forth no allegations that an agreement exists between Aramark and the JCADC to engage in any illegal activity. Further, Plaintiff has presented no facts from which an inference may be drawn that Aramark conspired with State actors to deprive him of his constitutional rights. Plaintiff's conclusory allegations are insufficient to establish the existence of a conspiracy between Defendants and the State. *See Tebo v. Tebo*, 550 F.3d 492, 497 (5th Cir. 2008). Accordingly, Plaintiff's Complaint fails to establish that Defendants can be held liable pursuant to section 1983.

Assuming, *arguendo*, that Plaintiff has sufficiently alleged the existence of a joint venture

between Defendants and the State, the Court finds that Plaintiff's Complaint still fails to state a claim pursuant to section 1983, because the Defendants' conduct concerning the operation of the commissary did not violate any cognizable right. Plaintiff has failed to offer any case law supporting his contention that he has a Due Process interest in access to the commissary. To the contrary, the Court has found numerous authorities asserting that inmates do not have a constitutional right to commissary privileges. *See Sandin v. Conner,* 515 U.S. 472, 478 (1995); *Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir.2000).

Furthermore, there is no legal basis to demand that inmates be offered items to be purchased at or near cost. *See Hardin v. Johnson,* No. 1:08cv036, 2008 WL 906489, *4 (N.D.Miss.,2008); *French v. Butterworth,* 614 F.2d 23, 25 (1st Cir.1980); *see also Pepper v. Carroll,* 423 F.Supp.2d 442, 449 (D.Del.2006) (prisoner has no constitutionally protected right to purchase commissary items as cheaply as possible); *Rodriguez v. Swanson Serv. Corp.,* No. 01-117-P-C, 2001 WL 506871 at * 1 (D.Me. May 11, 2001) (commissary pricing does not implicate constitutional concerns); *Hopkins v. Keefe Commissary Network Sales,* No. 07-745, 2007 WL 2080480 at *5 (W.D.Pa. Jul.12, 2007) (no right to restrain commissary from charging even exorbitant prices); *Trujillo v. Young,* No. 7:02CV01083, 2003 WL 23312781 at *3 (W.D.Va. Jun.5, 2003) (prisoner has no protected right to purchase commissary items at low prices). This issue is without merit.

### CONCLUSION:

The Court notes that Plaintiff is proceeding *pro se*, and has viewed the Complaint and amended pleadings in a liberal fashion. However, after a thorough review of the record, the Court finds that Plaintiff's Complaint fails to state claim against Defendants Aramark, Rushing and Poole pursuant to section 1983. Plaintiff has failed to allege that Defendants are either state actors or willful participants in a joint venture with the State. Further, Plaintiff has failed to allege that the

Defendants conduct violated any of his constitutional rights. Accordingly, the Court finds that Defendants' Motion to Dismiss should be granted and Plaintiff's claims against Defendants Aramark, Poole and Rushing should be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the ___5th___ day of March, 2009.

             s/ John M. Roper
             CHIEF UNITED STATES MAGISTRATE JUDGE