# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CLIFFORD JOEL ELLISON**                                                                  **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:08-cv-262-HSO-JMR**

**KEN BROADUS,** *et al.*                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATIONS

This matter is before the Court on Plaintiff's Objection [71] to Chief Magistrate Judge John M. Roper's Report and Recommendations [67]. Judge Roper reviewed Plaintiff's Motion for Summary Judgment [52], Defendants' Motion to Strike [53], Defendants' Motion for Summary Judgment [60], and related pleadings. Judge Roper determined that Defendants' Motion to Strike [53] should be granted, that Plaintiff's Motion for Summary Judgment [52] should be denied, that Defendants' Motion for Summary Judgment [60] should be granted, and that Plaintiff's official and individual capacity claims should be dismissed with prejudice. *See* Report and Recommendations, at p. 28. Also before the Court are Plaintiff's Motion for Extension of Time and to Dismiss [74], and Defendants' Motion to Strike [76] Plaintiff's Rebuttal [75].

## I. DISCUSSION

A.   <u>Motion for Extension of Time and to Dismiss</u>

After Judge Roper entered his Report and Recommendations [67] and Plaintiff filed his Objection [71] thereto, Plaintiff filed a Motion for Extension of Time and to Dismiss [74]. Plaintiff seeks to remedy the objection presented in

Defendants' Motion to Strike [53] the "Written Deposition" [51] Plaintiff filed, and states that he would like to comply with Federal Rule of Civil Procedure 56(e)(1) by furnishing a sworn affidavit. He further seeks assistance with a deposition pursuant to Rule 28. Plaintiff indicates that he would like to dismiss Defendants Ken Broadus and Mike Byrd from this lawsuit, leaving only Defendant Jackson County.

In Response [77], Defendants note that Plaintiff has had, at a minimum, over nine months to complete discovery, yet is seeking to engage in discovery after entry of the Report and Recommendations. *See* Resp. [77], at p. 1. Defendants argue that both sides have had ample opportunity to conduct discovery, and have done so. *See id.* at p. 2. The Court agrees. However, because the Court construes Plaintiff's Motion for Extension of Time as an attempt to cure the deficiencies in his "Written Deposition," which Judge Roper recommended striking, the Court finds that Plaintiff's Motion is moot, because even considering the allegations and statements in his "Written Deposition" as competent summary judgment evidence, as Judge Roper did in his Report and Recommendations, the outcome would not change. The Court agrees. Plaintiff's request to remedy his "Written Deposition" is therefore moot.

Plaintiff also contends that his temporary address has hindered him from receiving mail from his permanent address in Texas. However, Plaintiff has participated in discovery and, even though the first mailing of the Report and Recommendations was returned as unclaimed, Plaintiff has since received a copy

and has filed both an Objection and a Rebuttal in support of his Objection, as well as other pleadings. Therefore, the Court is of the opinion that any prejudice resulting from Plaintiff's alleged mail problems, if any, has been cured, and that no further relief on this point is warranted.

B.  Motion to Strike Plaintiff's Rebuttal

After Defendants filed a Response to Plaintiff's Objection, Plaintiff filed a Rebuttal [75], which Defendants now seek to strike. Defendants argue that there is no provision in either the Federal Rules of Civil Procedure or the Local Uniform Rules of the Northern and Southern Districts of Mississippi for a Rebuttal or Reply, or a "Response to Defendants' Response," as Plaintiff titled his pleading. Defendants further object to Plaintiff's use of a declaration in the Rebuttal, arguing that Plaintiff is attempting to introduce additional evidence at this stage, without the Court having granted him authority to do so. *See* Mot. [76], at p. 2. Defendants take the position that this purported evidence is inadmissible under Federal Rule of Evidence 407. *See id.* The Court has considered Plaintiff's Rebuttal [75], and is of the opinion that even after considering it, it does not change the Court's resolution of this case. The Court will therefore deny Defendants' Motion to Strike as moot.

C.  Report and Recommendations and Plaintiff's Objection

Because Plaintiff has filed an Objection to the Magistrate's proposed findings and recommendations, the Court applies a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1). Based on this review, the Court finds that the Magistrate Judge's Report and Recommendations are well reasoned, and that they correctly

find the applicable facts and apply the governing legal standards.

After thoroughly reviewing the findings in the Report and Recommendations, in addition to the positions advanced in Plaintiff's Objection [71], Defendants' Response [72], and Plaintiff's Rebuttal [75] to Defendants' Response [72] to his Objection, the Court finds that Plaintiff's Objection should be overruled, and that the Magistrate's Report and Recommendations should be adopted as the findings of the Court.

## II. CONCLUSION

For the reasons stated herein, the Report and Recommendations [67] of Chief Magistrate Judge John M. Roper entered on December 8, 2009, should be adopted as the findings of this Court. Plaintiff's Motion for Extension of Time and to Dismiss [74], and Defendants' Motion to Strike[76], will both be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Extension of Time and to Dismiss [74] should be, and hereby is, **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion to Strike Rebuttal [76] should be, and hereby is, **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Objection [71] filed in this cause on February 2, 2010, should be, and hereby is, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendations [67] of Chief Magistrate Judge John M. Roper entered on

December 8, 2009, should be, and hereby are, adopted in their entirety as the findings of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion to Strike [53] should be, and hereby is, **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Summary Judgment [52] should be, and hereby is, **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion for Summary Judgment [60] should be, and hereby is, **GRANTED**, and this civil action is hereby **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 15th day of March, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE